IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LIZ AMNERIS BELLO-MARTÍNEZ; ARÍSTIDES COLÓN-PEÑA, on their own behalf and on behalf of their minor daughter AICB<br><br>Plaintiffs<br><br>V.S.<br><br>CARIBBEAN SCHOOL, INC. d/b/a Caribbean School<br><br>Defendant | CIVIL NO.:<br><br><br><br>AMERICANS WITH DISABILITIES ACT; REHABILITATION ACT, ETC.<br><br>(Jury Trial is Requested) |

## VERIFIED COMPLAINT

TO THE HONORABLE COURT:

**COME NOW** plaintiffs through the undersigned attorney and very respectfully, **SET FORTH** and **PRAY**:

### I.   JURISDICTION AND VENUE

1.1.   This Honorable Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331 involves claims pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182, et sq. (hereinafter referred to as "ADA") and the Rehabilitation Act, 29 U.S.C. § 794, et seq. (hereinafter referred to as "Rehabilitation Act"). Supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367, over claims arising under the same nucleolus of operative facts, in violation of Puerto Rico law.

1.2.   The District of Puerto Rico is the proper venue in which to hear the instant matter, pursuant to 28 U.S.C. § 1391, as all parties are Puerto Rico residents and all of the relevant facts occurred within the District of Puerto Rico.

### II.   THE PARTIES

2.1.   Plaintiffs Liz Ameneris Bello-Martínez and Arístides Colón-Peña, are U.S. citizens, parents of minor AICB and residents of Ponce and Cayey, Puerto Rico, respectively. They are the parents and custodians (enjoying what is termed in civil law *patria potestad*) of minor AICB.

2.2. Defendant Caribbean School, Inc. (hereinafter referred to as "hereinafter referred to as "Caribbean School"), is a nonprofit corporation engaged in the private education industry, with its main offices in the city of Ponce, Puerto Rico and is a recipient of federal funds from the U.S. Department of Education (for student cafeteria services) as well as from the U.S. Department of Defense and other federal agencies that subsidize the education of a considerable numbers of their employees that have their children enrolled at the institution.

### III.   THE FACTS

3.1. Plaintiffs, the Colón-Bello matrimony are the parents of AICB and of another minor enrolled at Caribbean School, a prestigious private institution that has operated in the City of Ponce for over half a century.

3.2. Plaintiff Bello-Martínez is also an employee of Caribbean School.

3.3. AICB suffers from a medical condition known as biliary atresia, which, *inter alia*, results in symptoms similar to those exhibited by a cirrhosis patient such as the swelling of internal organs, particularly the spleen, limiting said minor from engaging in certain physical activities that may entail a risk of falling or otherwise risking a blow to the swollen organs, which may result in the rupture of said organs.

3.4. AICB was enrolled at Caribbean School during the school year of 2013-2014 (she was a pre-kindergarten student) and was accepted for enrollment notwithstanding plaintiffs' full disclosure of the minor's medical condition.

3.5. Mr. Ismael Villafañe, the school's Headmaster discussed AICB's condition with her mother and they devised and implemented an action plan that was successfully carried out with the cooperation of former Principal Dewey Lawhon[1].

3.6. The parties entered into a contractual agreement for AICB's enrollment during the 2014-2015 school year, which, in Caribbean School is set to begin on August 8, 2014.

---

[1] In fact, AICB's permanent record contained a July 6, 2013 letter setting forth the reasonable accommodation required by the minor, including the limitation and careful monitoring of physical activity.

3.7. Plaintiffs paid the requisite tuition and related fees and engaged in the typical back-to-school expenditures regarding AICB, including the purchase of books, uniforms and other school materials.

3.8. AICB was looking forward to joining her classmates for Kindergarten and had every reason to hold such expectations.

3.9. Surprisingly, on July 22, 2014 (around 2 weeks prior to the beginning of the academic semester), Headmaster Villafañe summoned plaintiff Bello-Martínez to his office and asked her if she had considered "other [school] options" for AICB, to which plaintiff replied in the negative and inquired the reason for the inquiry.

3.10. Villafañe replied that plaintiff's medical condition created unspecified "liability issues" for the school. Nothing more was said during the July 22nd meeting.

3.11. The July 22nd exchange, as well as subsequent utterances by Villafañe show without a doubt that AICB was perceived as disabled for purposes of 42 U.S.C. § 12102(3)(A).

3.12. On July 30, 2014, plaintiff Bello-Martínez was once again summoned to Villafañe's office.

3.13. During this second meeting, Villafañe addressed several work-related topics, before moving on to a discussion concerning AICB's status as a Caribbean School student for the 2014-2015 academic year.

3.14. Villafañe asked Bello-Martínez if she had given further consideration to the possibility of enrolling AICB in another school.

3.15. Villafañe further stated that Caribbean does not have the resources to handle AICB's condition and that the school does not provide reasonable accommodation.

3.16. Bello-Martínez reminded the Headmaster that the school does provide reasonable accommodation to students with a wide range of conditions[2], not to mention the accommodation that enabled AICB to complete the 2013-2014

---

[2] These include learning disabilities, heart conditions and autism, to mention a few.

3

school year and the fact that her mother, as an employee, was on school grounds to readily assist with any emergency that may arise during the course of the semester.

3.17. In order to placate the Headmaster's putative "concerns", Bello-Martínez took the unprecedented measure of offering to sign a waiver of liability in favor of the school[3] so that the prospect of legal action in the case of an injury was removed.

3.18. On July 31, 2014, Headmaster Villafañe once again summoned plaintiff to his office, this time squarely and unambiguously announcing that he would not accept AICB for the semester beginning a mere 8 days from that date.

3.19. Upon Bello-Martínez' inquiries, Villafañe admitted that he had not consulted the matter with the school's board of directors and he refused to interview the teachers and staff that dealt with AICB's situation last year.

3.20. On August 4, 2014, Bello-Martínez once again met with Headmaster Villafañe, who stubbornly reiterated his decision to expel AICB on the grounds that the School was supposedly unable to deal with her medical condition.

3.21. Plaintiff Bello-Martínez asked Villafañe to commit to writing both his decision and the basis of said decision, to which the Headmaster replied that, although he was not required to, he would oblige.

3.22. No letter has being received from Villafañe, who also postponed a meeting with plaintiff Colón-Peña.

3.23. On the afternoon of August 4th, plaintiff Bello-Martínez spoke with the President of the school's board of directors, Ms. Egla Rodríguez, who alleged that she was unaware of Villafañe's decision to expel AICB on account of her medical condition.

3.24. Plaintiff Bello-Martínez immediately sent (i.e., via e-mail on August 5, 2014) a letter to Ms. Rodríguez, appraising her of the urgency of the matter and requesting the board's immediate intervention.

---

[3] The undersigned is well aware that the waiver of a minor's rights is much more complicated, as a matter of Puerto Rico law. This pleading is asserted however, to show the lengths to which plaintiffs were willing to go to accommodate any concerns that defendant might have had,

4

3.25. On August 6, 2014, Rodríguez sent Bello-Martínez a discrete, one-paragraph terse response directing her to an alleged "appeals procedure before the board", attaching a document titled "Public Attendance at Board Meetings" that contained no appeals process whatsoever and certainly does not provide a means to resolve the matter with the required urgency.

3.26. This morning, Plaintiff Colón-Peña met again with Villafañe to have a final discussion regarding AICB's medical condition and request him to reconsider his decision to expel her from the school, but to no avail, the headmaster reiterated his decision.

3.27. Today at around 11:30 a.m., Plaintiff Bello-Martínez, received a letter via e-mail form Villafañe to inform her that the school cannot meet/comply with her request and recommended that minor AICB be enrolled in a different educational institution that could "handle comparable cases".

3.28. Along with the letter mentioned in the previous paragraph was a check with the reimbursement of the tuition fee.

3.29. Pursuant to the ADA, the Rehabilitation Act and Fed. R. Civ. P. 65, plaintiffs are entitled to a temporary restraining order, preliminary and permanent injunction ordering defendant to accept AICB for the 2014-2015 school year, so that the imminent harm of her missing school days and the obvious effects on said minor's early education.

3.30. Plaintiffs are entitled to collect damages under both, the rehabilitation act, and Puerto Rico contract law (31 P.R. Laws Ann. § 3023), as plaintiffs met all of the requirements for tuition and defendant unilaterally and illegally refused to undertake its obligation to admit AICB for the 2014-2015 school year.

3.31. AICB has suffered the emotional effect of not being able to join her classmates for Kindergarten and to have that action solely on account of her medical condition and defendant's perceptions of her disability, as well as the schools refusal to provide the basic reasonable accommodation of allowing her to bypass certain activities such as running and monitoring her whereabouts with a tad

more care. These damages are estimated at an amount of no less than $300,000.00.

3.32. Plaintiffs Colón-Peña and Martínez-Bello have suffered feelings of sorrow, anger, anxiety and frustration in connection with the schools' surprising, brazen and stubborn withdrawal of reasonable accommodation, as well as from its eleventh-hour expulsion of AICB on account of her perceived disability and open violation of the tuition contract. These plaintiffs have been further hurled into the predicament of having to find a suitable place for AICB's education, on the eve of the beginning of the school year and after engaging in substantial expenditures in preparation for the upcoming school year. Such damages are estimated at no less than $300,000.00 per plaintiff.

3.33. Plaintiffs are further entitled to attorneys fees under both the ADA, the Rehabilitation Act and Rule 44.1(d) of the Puerto Rico Rules of Civil Procedure, 32 P.R. Laws Ann. App. V. R. 44.1(d).

3.34. Plaintiffs expressly demand their Seventh Amendment right to a jury trial on all causes so triable.

**WHEREFORE** it is respectfully requested from this Honorable Court that the relief requested in the instant action be hereby **GRANTED**.

In San Juan, Puerto Rico this 7th day of August, 2014.

RESPECTFULLY SUBMITTED,

M.L. & R.E. LAW FIRM
513 Juan J. Jiménez St.
San Juan, Puerto Rico 00919
Tel (787) 999-2972
Fax (787) 751-2221

*S/Jorge Martínez Luciano*
JORGE MARTINEZ LUCIANO
USDC-PR Number 216312
e-mail: squalus@rocketmail.com

*S/Emil Rodríguez Escudero*
EMIL RODRÍGUEZ ESCUDERO
USDC-PR Number 224312
e-mail: emil@mlrelaw.com

## VERIFICATION

We, **Liz Amneris Bello-Martínez and Arístides Colón-Peña**, of legal age, single, parents of minor AICB and residents of Ponce, Puerto Rico, under pains and penalties of perjury (28 U.S.C. § 1746), do hereby state that:

1. We have read the preceding pleadings and find them to conform to the facts, as they are personally known to us, for which reason we have authorized the filing of this action.

Signed in Ponce, Puerto Rico, this 7th day of August, 2014.

Liz A. Bello-Martínez                                                            Arístides Colón-Peña